## John Hilton *vs.* Samuel Smith.

In an action by the indorsee against the maker of a promissory note, proof of the making of the note, and of its transfer to the plaintiff as collateral security for a debt from the payee to him, makes a *prima facie* case; and the defendant, if he contends that the debt so secured has been paid, must establish it by a preponderance of evidence.

Action of contract on four promissory notes, made by the defendant to Thomas Alker, and by him indorsed to the plaintiff. Answer, that the notes were made without consideration, for the accommodation of Alker, to be lodged with the plaintiff as collateral security for certain notes made by Alker to him, which had since been paid. Trial in the court of common pleas, before *Sanger*, J., who signed the following bill of exceptions :

" There was conflicting evidence upon the question, whether the notes in suit were regularly discounted in the course of business by Hilton, or whether they were pledged to him as collateral for other notes.

" The counsel for the defendant requested the court to rule, that upon the question of fact, whether the defendant received value for the notes, or whether they were given as collateral security merely, for the debts of a third person, the burden of

proof was upon the plaintiff throughout, and did not shift although upon the question of payment and discharge, which were special matters of defence, the burden was upon the defendant.

" The court declined so to instruct the jury, but instructe. them, upon the facts proved or admitted in the case at the trial, that by the production of the notes in suit, which, as was admitted by the defendant, went before their maturity into the hands of Hilton for a good consideration, as collateral security for certain other notes, the plaintiff established a *prima facie* case; and that, as the defendant contended that the notes for which the notes in suit were pledged as collateral had been paid, and therefore the notes in suit were so discharged, the burden was upon him to make out such defence by preponderance of proof, in whole or in part; and that, if the defendant showed that a part of the amount for which the notes were pledged had been paid, the plaintiff could recover only what was due upon the notes for which they were pledged.   To the foregoing rulings the defendant excepts."

*S. H. Phillips*, for the defendant.

*O. P. Lord*, for the plaintiff.

SHAW, C. J.   An action by the indorsee against the maker of a negotiable promissory note, payable on time, negotiated for value to the plaintiff, before due, and without notice of fraud in making it, is not open to the defence that it was made without consideration, as between the promisor and payee.   To such a negotiable security, thus negotiated for value, the law, for the security of trade, attributes a very high character, and it passes upon the credit of the parties to it.   *Wheeler* v. *Guild*, 20 Pick. 545.

If the defendant signed these notes for the accommodation of Alker, he thereby agreed to lend him his credit in this form, and to stand in the relation of a promisor for value to any person who should take the note for value in the course of business; he therefore cannot be heard to say, and it is no answer to an indorsee to say, that the promisee paid him nothing for it; *French* v. *Bank of Columbia*, 4 Cranch, 141; though such

34*

ground of defence might avail him, if the payee himself were to sue on it. It is upon this ground that, in the hands of a *bona fide* holder for value, such notes are regarded as business notes. It must therefore be understood, that parties who place themselves in the relation of promisors, drawers, acceptors or indorsers of negotiable securities, and hold themselves out, or enable others to hold them out to a mercantile community in those relations, do thereby take upon themselves all the legal obligations, whilst they claim all the immunities, which the law annexes to such relation.

As between these parties, there may be one difference between the case of these, being accommodation notes, and actual business notes given for value by the payee to the promisor. If these notes had been given, as they import, for money actually due from the defendant to Alker, and Alker had indorsed them to the plaintiff as collateral security for a smaller sum, still the plaintiff would be entitled to receive the whole amount from the defendant; because, after satisfying his own debt, for which they were pledged, he would be responsible to Alker for the surplus. But if the defendant could show that the notes were so given for Alker's accommodation, so that, after satisfying the plaintiff's own debt, he would not be liable to Alker for any surplus, then the measure of the plaintiff's damages would be the amount only, for which the plaintiff had the notes for value. The court instructed the jury correctly upon this point, and the defendant had the benefit of it in the assessment of damages. *Stoddard* v. *Kimball*, 6 Cush. 469.

Upon the question of the burden of proof, had the judge instructed the jury in the terms requested, without considerable explanation, it would have had a tendency to mislead them.

If the defendant merely requested the court to instruct the jury, that the burden of proof was on the plaintiff to make out his case, it was only the usual instruction given, in every case tried on the general issue, as matter of course. The plaintiff must make out his case.

If he desired the court, as the prayer seems to import, to instruct the jury that the plaintiff was bound to furnish other

proof than the production of the note and proof of the signatures of promisor and indorser, that a valuable consideration had passed from the payee to the promisor, or that it was received by him as collateral security, or for its full value, such a direction would have been wrong; the plaintiff is not bound to make such proof. The case of *Burnham* v. *Allen*, 1 Gray, 496, cited by the defendant to this point, was a suit between the original parties; in such case, the consideration is open to inquiry.

But the court did instruct the jury, in substantial compliance with the prayer, that upon the fact, if proved or admitted, that the plaintiff produced the notes, proved the signatures, and the notes came to the plaintiff before their maturity as collateral security for notes due him from the indorser, he had established a *prima facie* case. It followed, as a legal consequence, that if he had established a *prima facie* case, he had taken and borne the burden of proof, and would be entitled to recover, unless controlled, rebutted or avoided by preponderating proof to the contrary. *Powers* v. *Russell*, 13 Pick. 76. *Delano* v. *Bartlett*, 6 Cush. 367. *Burnham* v. *Allen*, 1 Gray, 500.

The direction, that so far as the defendant relied on payment or discharge of the debts secured by the collateral, the burden of proof was on him, was not objected to, and was correct.

*Exceptions overruled*